Ruffin, Chief Justice:
 

 Upon the second argument, all the points to which the counsel were desired to speak, have been fully discussed; but the Court does not think it necessary to deliver an opinion upon more than the last, because upon that we are compelled to dismiss the bill.
 

 Thejurisdiction in lunacy cannot extend to lands out of the state. The Courts of our country cannot order lands in another to be sold, nor effectually charge them. The ■application must be made to the tribunals where the estate is situate. This is admitted by the plaintiff’s counsel, and shown by adjudged cases. In
 
 re Duchess of Chandos,
 
 1 Sch. & Lef. 301.
 
 Matter of Daniel Perkins,
 
 3 John. C. C. 124. But it was insisted, that an order of the Court having the jurisdiction over the lunatic’s person, providing for his comfortable maintenance, would be respected and •enforced by the Courts of all other countries. It seems
 
 *153
 
 not; for the cases cited lay it down, that an inquisition of lunacy in another country is not recognised as an authority for disposing of his estate; and that, to that end, , , i • • , , , , , there must be proceedings in the country where the land is situate. What they shall be, must depend upon the particular laws of each country. It may be, that in Tennessee lands cannot be sold by the order of any Court, for even the support of the unfortunate owner. At all events, no order of the Court here could reach them. It is, however, said, that every disbursement here, made according to our laws, for the benefit , of the lunatic, while his person is within our jurisdiction, forms a just debt against his estate, wherever it may be situate; and that, although there may be an impediment to enforcing it against the estate abroad, yet the Courts of this state may and will give a remedy, whenever the estate be brought here, or is under the control of one who is within our jurisdiction, in the same manner as if the estate had been always here. That may be true of personalty, and especially if it be brought here in the lifetime, of the lunatic; for then it comes and is held as his estate, subject to the disposition of our Courts. But even that would be by force of an order made in the matter of the lunatic, The Court could not entertain a bill for such a demand against the personal represenative of the lunatic after his death. . No such case is found. There is no debt of the lunatic, for he could not make a contract; neither is there a debt of the estate, as a thing of strict right, We do not know of such a thing in the law. The Court, out of any property within the jurisdiction, will reimburse any expenditure made under its authority; but no order in lunacy creates a debt either against the executor or the heir. Upon the idea of a debt this bill is brought, and upon that alone could it be sustained. Suppose the defendants had not sold the land, or after the sale had not come within our jurisdiction; the plaintiff could not have enforced the debt, as it is called, either here or in Tennessee. That shows that he has no right, strictly speaking; for rights can never be lost by the residences of the parties, though remedies may thereby
 
 *154
 
 ^ affected. To sustain the bill, the plaintiff must make himself the creditor of the lunatic and of the defendants as his heirs, or show a valid charge on the fund in the defendants’ hands. No order of the Court could create such a charge; and there is no pretence for saying, that the lunatic did or could contract personally, or that the law could raise such a contract by implication, either without or with the order of the County Court. It is to be regretted, that the plaintiff should not be compensated for his services and expenditures; but the Court does not see a ground on which he can have relief, and the bill must be dismissed.
 

 
 *153
 
 The estate of a lunatic subjected sup' process eith.er. him or his can onlybe administer-orderofthe p0”1 h.av-dictionln “sesof lunacy.
 

 
 *154
 
 Pee Curiam. Bill dismissed.